IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**WALTER LEE BLACK**                                                                                       **PLAINTIFF**
**ADC #135073**

v.                                            CASE NO. 3:20-CV-00117-BSM

**RHONDA R. THOMAS**                                                                                  **DEFENDANT**

## ORDER

Walter Black's motion to proceed *in forma pauperis* [Doc. Nos. 1, 3] is granted, but he must pay the full filing fee of $350. His complaint [Doc. No. 2] is dismissed with prejudice, and his motion to appoint counsel [Doc. No. 4] is denied as moot. The clerk is directed to send a copy of this order to the warden of the North Central Unit of the Arkansas Department of Corrections; the ADC Trust Fund Centralized Banking Office; and the ADC Compliance Office.

Black is not required to pay an initial partial filing fee. Doc. Nos. 1, 3. His custodian shall withdraw monthly payments in the amount of twenty percent of the preceding month's income credited to his account each time the account exceeds $10 until the statutory fee has been paid in full. 28 U.S.C. § 1915(b)(1)–(2).

Black is incarcerated at the North Central Unit of the Arkansas Department of Corrections, which triggers automatic screening of his complaint. *See* 28 U.S.C. § 1915A. He alleged that Rhonda Thomas, a Paragould Police Department detective, entrapped him with a phone call that led to his 2015 conviction. Black's damages claim is barred because

he does not allege his conviction has been reversed, expunged, invalidated, or called into question by a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). To the extent that he asks that his conviction be voided and he be immediately released, he cannot obtain such relief. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (sole remedy for prisoner seeking release from prison is to file federal *habeas* petition). Further, Black alleges unlawful acts occurred in 2015, more than three years before he filed this case on April 15, 2020. *See Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001) (Arkansas has three-year statute of limitations for 42 U.S.C. § 1983 claims).

This dismissal counts as a "strike" for the purposes of 28 U.S.C. section 1915(g). It is certified that an *in pauperis* appeal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED this 13th day of July, 2020.

*Brian S. Miller*
UNITED STATES DISTRICT JUDGE